SUCESIONES IRIZARRY, RECURRENTES, *v*. EL REGISTRADOR DE
SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán en una inscripción de testamento.

No. 557.—Resuelto en marzo 6, 1923.

HERENCIA—HEREDERO POR REPRESENTACIÓN—DERECHO DE REPRESENTACIÓN.—Establecido que dos coherederos instituídos premurieron a sus padres legítimos, los testadores, en estado de soltería, es errónea una nota del registrador que en vez de inscribir sin reservas la totalidad de los bienes relictos a favor de los herederos supervivientes, lo hizo reservando el derecho hereditario que por representación pudieran ostentar los descendientes, si los hubo, de los coherederos premuertos. De acuerdo con la legislación vigente en 1875 y 1876, fecha en que murieron, respectivamente, los testadores, sólo los descendientes legítimos podían heredar por derecho de representación a sus abuelos.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. B. Forés*.

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El 6 de septiembre de 1856 los consortes José Ramón Irizarry y su esposa Teresa Jesús del Toro otorgaron testamento instituyendo por herederos a sus hijos José Rafael, Cayetano de Jesús, Juan Bautista y José Ramón, y el 16 de de enero de 1923 el abogado Forés, a nombre de las sucesiones de José Ramón y Juan Bautista Irizarry y del Toro, compuesta de sus hijos, cuyos nombres se expresan, presentó dicho testamento en el Registro de la Propiedad de San Germán en solicitud de que a virtud de él se inscribiera a favor de los causantes de sus representados la propiedad de cierta finca que constaba inscrita a nombre de los testadores.

Al testamento se acompañaron las partidas de matrimonio y defunción de los testadores y de defunción de sus hijos José Rafael y Cayetano de Jesús.

El registrador verificó la inscripción así:

"Inscrito el documento que precede con vista de otros y de un escrito suscrito en esta ciudad por el abogado Benito Forés de fecha

16 del actual, en cuanto a una finca de once cuerdas sita en el barrio de Sabana Encas de San Germán, al folio 163 del tomo 20 de San Germán, finca No. 1211, inscripción 3, en común proindiviso, sus derechos hereditarios a favor de Juan Bautista y José Ramón Irizarry y Toro, sin perjuicio del derecho hereditario que por representación pudiera existir a favor de los descendientes, si los hubo, de los coherederos José Rafael y Cayetano de Jesús Irizarry y Toro instituídos en el testamento y que premurieron a los testadores José Ramón Irizarry y Teresa Jesús del Toro.''

No conformes los interesados, interpusieron el presente recurso gubernativo y sostienen, con razón a nuestro juicio, que la inscripción debió hacerse a favor de Juan Bautista y José Ramón Irizarry y del Toro en su totalidad, sin reservas, ya que al morir sus padres ellos eran sus únicos herederos.

Según el informe del propio registrador, de los documentos que se le presentaron consta que los testadores murieron el 13 de febrero de 1875 y el 17 de enero de 1876, habiendo fallecido sus hijos José Rafael y Cayetano de Jesús, el primero ''el día 10 de agosto de 1871 de unos 31 años de edad, soltero,'' y el segundo ''el día 19 de julio de 1863, de unos 21 años de edad, soltero.''

El más reciente de dichos documentos tiene más de cuarenta años. De acuerdo con la jurisprudencia establecida en el caso *Ex parte Otero et al.* y *Striker* v. *El Pueblo*, 27 D. P. R. 340, ratificado en el de *Tardi* v. *Tardi*, 30 D. P. R. 225, puede partirse de la base del estado de soltería en que murieron los hijos que fallecieron con anterioridad a sus padres. Siendo ello así, no pudieron dejar herederos legítimos, únicos que hubieran podido heredar a sus ascendientes legítimos por derecho de representación. No existe, pues, la posibilidad en que se basa la reserva del registrador.

En el caso de *Correa et al.* v. *Correa et al.*, 18 D. P. R. 117, 120, esta corte se expresó como sigue:

''La sexta de las Leyes de Toro, publicadas en 1505, que es la 1ª., del título 8º., libro 5º., de la Recopilación, y la 1ª., título 20, libro 10 de la Novísima, establece y fija el derecho de suceder los

ascendientes legítimos a sus descendientes y el de éstos a aquellos. Sus prescripciones se refieren claramente a la familia legítima.

"Y la novena y la décima de dichas leyes, prescriben los casos en que los hijos bastardos e·ilegítimos pueden o no heredar a sus madres ex-testamento y abintestato y la parte de los bienes que pueden mandar los padres a sus hijos ilegítimos y naturales.

"La ley de 16 de mayo de 1835 mejoró la condición de los hijos naturales, pero siempre relacionándolos únicamente con el padre o madre que los reconocieron.

"No se nos ha citado por las recurrentes, ni hemos podido encontrar en la investigación de las leyes anteriores al Código Civil Español que hemos practicado al efecto, ni un solo precepto de ley, ni un solo precedente que autorice al hijo natural reconocido a heredar, en representación de su padre natural, al padre legítimo de su padre natural."

Debe revocarse la nota recurrida y ordenarse la inscripción en la forma solicitada.

*Revocada la nota y ordenada la inscripción.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.